UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHARON FINKELSTEIN and MARC CIQUERA,<br><br>*Plaintiffs*,<br><br>-against-<br><br>AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT,<br><br>*Defendant*. | Case No. 17-cv-07100 (JMA) (ARL)<br><br>**COMPLAINT WITH JURY DEMAND** |

Plaintiffs Sharon Finkelstein and Marc Ciquera ("Plaintiffs"), through their undersigned attorneys, Schlam Stone & Dolan LLP, for their Complaint against Defendant Automobile Insurance Company of Hartford, Connecticut ("Hartford" or "Defendant"), allege as follows:

## NATURE OF ACTION

1. This action seeks to enforce Plaintiffs' rights under a homeowners insurance policy issued by the Defendant, Automobile Insurance Company of Hartford, Connecticut, Policy No. 993355964–636–1 (the "Policy").

2. Plaintiffs suffered losses covered under the Policy when their condominium apartment was damaged by water. Defendant has refused to compensate Plaintiffs, *inter alia*, for repair costs; costs to replace damaged property; and rent and other costs associated with the loss of use of the apartment. Plaintiffs have also suffered, and continue to suffer, consequential damages as a result of Defendant's unjustified delay in processing the claim, and bad faith refusal to cover the losses.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff Sharon Finkelstein is a natural person residing in Nassau County, New York.

4. Plaintiff Marc Ciquera is a natural person residing in Nassau County, New York.

5. Upon information and belief, Defendant Automobile Insurance Company of Hartford, Connecticut, is a corporation organized under the laws of the State of Connecticut with its principal place of business located at One Tower Square, Hartford, Connecticut.

6. The amount in controversy exceeds $75,000 exclusive of interest and costs.

7. This court has jurisdiction pursuant to 28 U.S.C. § 1332.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(2) because Plaintiffs reside in this district and a substantial part of the material events giving rise to this lawsuit occurred in this district.

## BACKGROUND

9. Plaintiffs obtained the Policy from Defendant for the period December 1, 2014 to December 1, 2015.

10. The Policy, a homeowners policy, covered Plaintiffs' residence at 10 Canterbury Plaza, Apt. 2C, Great Neck, NY.

11. The Policy provided, *inter alia*, $25,000 in coverage for the "dwelling," $120,000 for "personal property," $60,000 for "loss of use," as well as $1,000,000 of personal liability coverage.

12. On or about February 22, 2015, certain catastrophic water intrusions occurred in the building located at 10 Canterbury Road, Great Neck, New York (the "Building").

13. Further water intrusions occurred on or about October 14, 2015.

14. The water intrusions caused significant water damage to Plaintiffs' apartment in the Building and to their personal property.

15. Plaintiffs notified Defendant of the initial incident on or about February 22, 2015, and notified Defendant of the October event on or about the date of that occurrence.

16. Defendant assigned the February incident Claim No. U7T1219, and the October incident Claim No. HXY7265.

17. Plaintiffs submitted a notarized proof of loss to Defendant on or about April 15, 2015.

18. As explained further below, Defendant, acting in bad faith, delayed for months in the handling of Plaintiffs' insurance claim. As a direct and foreseeable consequence of these unjustified delays, Plaintiffs' condominium filed a lawsuit against them in April 2015. Further, as a direct and foreseeable consequence of Defendant's bad faith handling of Plaintiffs' claim, the Court issued an injunction on or about September 29, 2015, granting exclusive use and occupancy of Plaintiffs' apartment to the condominium for the purpose of enabling it to perform remediation work. That injunction, which remains in place, has prevented Plaintiffs from returning to their home (thus saddling them with over two years of additional living expenses), and has further prevented them, to this day, from repairing or replacing their damaged property.

19. On or about June 17, 2016, Defendant improperly disclaimed coverage as to both claims. To date, Defendant has refused to compensate Plaintiffs, *inter alia*, for repair costs; costs to replace damaged property; and rent and other costs associated with the loss of use of the apartment.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

20. Plaintiffs repeat and reallege each of the prior allegations of the Complaint as if fully set forth herein.

21. Defendant issued the Policy to Plaintiffs, effective as of December 1, 2014.

22. Plaintiffs have fulfilled all their obligations under the Policy.

23. Defendant breached the Policy by refusing to compensate Plaintiffs for covered damages including, *inter alia*, for repair costs; costs to replace damaged property; and rent and other costs associated with the loss of use of the apartment.

24. Thus, Plaintiffs are entitled to compensatory, consequential and punitive damages in an amount to be determined at trial, but which far exceed $180,000, plus pre-and post-judgment interest.

## SECOND CAUSE OF ACTION
### (Breach of Duty of Good Faith and Fair Dealing)

25. Plaintiffs repeat and reallege each of the prior allegations of the Complaint as if fully set forth herein.

26. Each and every insurance policy sold by Defendant carries with it a duty to its insureds, such as Plaintiffs, of good faith and fair dealing.

27. Defendant, in bad faith, knowingly avoided its obligations by improperly characterizing the events of February 22, 2015, as water "seepage."

28. Defendant, in bad faith, also knowingly avoided its contractual obligations by contending (incorrectly) that there would be no coverage on the February 22, 2015 claim unless there was a further endorsement added to the policy (which endorsement was subsequently added and made retroactive).

29. As a result of Defendant's unjustified delays and bad faith conduct, in April 2015, a lawsuit was commenced by the Board of Managers of Canterbury Plaza (the "Board") against Dr. Finkelstein, which action was subsequently amended to include Mr. Ciquera (the "Nassau County Action"). The lawsuit was a foreseeable consequence of Defendant's conduct, especially

given that Plaintiffs advised Defendant of the likelihood of such action if the February claim was not promptly adjusted.

30. Moreover, as a further and separate direct consequence of Defendant's delays and bad faith in handling Plaintiffs' claim, on or about September 29, 2015, the court in the Nassau County Action issued an injunction giving exclusive use and occupancy of the apartment to the condominium for the purpose of performing necessary remediation work. As a result of that injunction, which remains in place, Plaintiffs have been unable to return to the apartment, causing them to incur substantial additional living expenses, and they have been unable to this day to repair or replace their damaged property.

31. Defendant's delays and wrongful denial of coverage were undertaken by Defendant solely in furtherance of its own pecuniary interests, without regard to its obligations under the Policy to Plaintiffs.

32. As a result of said misconduct, Defendant is liable to Plaintiffs for compensatory, consequential and punitive damages in an amount to be determined at trial.

**WHEREFORE,** Plaintiffs demand a judgment in their favor, and against Defendant, on the causes of action stated above, for (1) compensatory, consequential and punitive damages in an amount to be determined at trial, but which exceeds $500,000, plus pre- and post-judgment interest; (2) their reasonable attorneys' fees and costs; and (3) such other relief as to the Court seems fair and appropriate.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all matters triable by a jury.

Dated: New York, New York
January 12, 2018

                                          Respectfully submitted,

                                          **SCHLAM STONE & DOLAN LLP**

                                          By:          /s/
                                                    Bradley J. Nash
                                                    Samuel L. Butt
                                                    26 Broadway
                                                    New York, New York 10004
                                                    (212) 344-5400

                                        *Attorneys for Plaintiffs Sharon Finkelstein*
                                        *and Marc Ciquera*